UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER WALBUSH,

     Plaintiff,

v.                              Case No.:  8:23-cv-881-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Jennifer Walbush seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on January 10, 2020 and for supplemental security income on February 4, 2020, alleging disability beginning on October 12, 2019. (Tr. 112, 113, 332-40, 344-50). The applications were denied initially and on reconsideration. (Tr. 112, 113, 178, 179). Plaintiff requested a hearing, and on July 12, 2022, a hearing was held before Administrative Law Judge Melissa McIntosh ("ALJ"). (Tr. 43-60). On August 1, 2022, the ALJ entered a decision finding Plaintiff not under a disability from October 12, 2019, through the date of the decision, (Tr. 13-29).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on February 23, 2023. (Tr. 1-5). Plaintiff began the instant action by Complaint (Doc. 1) filed on April 21, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 14).

## D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024. (Tr. 15). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 12, 2019, the alleged onset date. (Tr. 15). At step two, the ALJ found that Plaintiff had the following severe impairments: "diabetes

mellitus (DM); irritable bowel disease (IBD); hypothyroidism; gastroesophageal reflux disease (GERD); systemic lupus erythematosus (SLE); neuropathy; obesity; status post (s/p) fusion of C3, C4, C5 of cervical spine and laminectomy of lumbar spine; degenerative disc disease of cervical and lumbar spine; depression; posttraumatic stress disorder (PTSD); and anxiety." (Tr. 15-16). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) with limitations. Specifically, the claimant is limited to no more than occasional climbing of ramps/stairs, ladders, ropes, or scaffolds; no more than occasional balancing, stooping, kneeling, crouching, or crawling; no more than frequent overhead lifting; no more than frequent handling, fingering, or feeling; and she must avoid concentrated exposure to extreme cold, heat, noise, vibrations, atmospheric conditions, and hazards. The claimant can understand, remember, and carry out simple instructions; she is limited to no more than occasional interaction with coworkers, supervisors, and the public; and changes in the workplace should be no more than occasional and gradually introduced.

(Tr. 18).

At step four, the ALJ found Plaintiff unable to perform past relevant work as a preschool teacher, teacher aide 1, or receptionist. (Tr. 27). At step five, the ALJ found that considering Plaintiff's age (48 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 27-28). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)   Marker, DOT 209.587-034, light, unskilled, SVP 2[1]

(2)   Routing clerk, DOT 222.687-022, light, unskilled, SVP 2

(3)   Electrical accessories assembler, DOT 729.687-010, light, unskilled, SVP 2

(Tr. 28). The ALJ concluded that Plaintiff had not been under a disability from October 12, 2019, through the date of the decision. (Tr. 28).

## II.   Analysis

On appeal, Plaintiff raises two issues:

(1)   Whether the ALJ's finding that Plaintiff did not have the requisite tender points to establish a diagnosis of fibromyalgia is supported by substantial evidence; and

(2)   Whether the ALJ erred in assessing medical opinions.

(Doc. 16, p. 5, 7).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

### A.    Fibromyalgia

Plaintiff argues that substantial evidence does not support the ALJ's finding that Plaintiff's medical records failed to show the requisite tender points to establish fibromyalgia as a medically determinable impairment. (Doc. 16, p. 7).[2] Plaintiff further argues that because the ALJ found fibromyalgia was not a medically determinable impairment, the ALJ was not required to evaluate the intensity and persistence of Plaintiff's pain or other fibromyalgia symptoms or the limitations that these symptoms imposed on her ability to work in the RFC assessment. (Doc. 20, p. 1-2).

The Commissioner contends that the ALJ properly considered Plaintiff's impairments, including her non-severe fibromyalgia. (Doc. 19, p. 6). The Commissioner also contends that the ALJ thoroughly discussed the treatment records that noted fibromyalgia and specifically discussed Plaintiff's subjective pain complaints secondary to musculoskeletal disorders, neuropathy, and fibromyalgia. (Doc. 16, p. 6). The Commissioner argues that the ALJ properly considered all of Plaintiff's pain-producing impairments, including fibromyalgia, in assessing the RFC and Plaintiff can show no harmful error in the fibromyalgia analysis. (Doc. 19, p. 7). The Commissioner concludes that the ALJ did not overlook fibromyalgia, she

---

[2] The Court refers to the page numbers used by Plaintiff in her brief.

simply found this impairment non-severe based on substantial evidence. (Doc. 19, p. 8).

At step two, an ALJ considers the severity of a claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "Step two is a 'threshold inquiry' where only the most trivial impairments are to be rejected." *McCormick v. Soc. Sec. Admin., Comm'r*, 619 F. App'x 855, 857 (11th Cir. 2015). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). While Plaintiff has the burden at step two, the burden is mild. *McCormick*, 619 F. App'x at 857. This inquiry "acts as a filter in that the finding of any severe impairment . . . is enough to satisfy the requirement of step two and allow the ALJ to proceed to step three." *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (internal quotations omitted).

Fibromyalgia is "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissue that has persisted for at least 3 months. SSR 12-2p, 2012 WL 3104869, *2 (July 25, 2012). The Eleventh Circuit has recognized that fibromyalgia is a unique impairment because it "'often lacks medical or laboratory signs and is generally diagnosed mostly on a[n] individual's described

symptoms.'" *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Because the 'hallmark' of fibromyalgia is a 'lack of objective evidence,' a claimant's subjective complaints may be the only means of determining the severity of the claimant's condition and the functional limitations she experiences." *Id.* (citing *Moore*, 405 F.3d at 1211). An ALJ's decision is subject to reversal when the ALJ relies on lack of objective findings as a basis for an adverse decision. *Id.*

The Social Security Administration promulgated SSR 12-2p to provide guidance on how to determine whether a person has a medically determinable impairment of fibromyalgia and how it will evaluate this impairment in a disability claim. SSR 12-2p, 2012 WL 3104869 (July 25, 2012); *Francis v. Saul*, No. 8:18-cv-2492-SPF, 2020 WL 1227589, *3 (M.D. Fla. Mar. 13, 2020). The ruling informs ALJs in how to consider fibromyalgia in the five-step process. SSR 12-2p, 2012 WL 3104869 (July 25, 2012).

The ruling requires an ALJ to consider all relevant evidence in the case and all of a claimant's medically determinable impairments, including those that are not severe when making an RFC determination. SSR 12-2p at *6. "For a person with fibromyalgia, an ALJ must consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* An ALJ must consider widespread pain and

other symptoms associated with fibromyalgia such as fatigue that may result in exertional and non-exertional limitations, which prevent a person from doing a full range of unskilled work. *Id.* If the objective medical evidence does not support a claimant's statements about the intensity, persistence, and functionally limiting effects of symptoms, then an ALJ must consider a claimant's daily activities, medications, or other treatments the person uses or used to alleviate symptoms, the nature and frequency of a claimant's attempt to obtain medical treatment for the symptoms, and statements by other people about the claimant's symptoms. *Id.* at *5.

At step two of the decision and after listing severe impairments, the ALJ determined, "[w]hile fibromyalgia was alleged, there was no evidence of a policy-compliant diagnosis with requisite tender points." (Tr. 16). SSR 12-2p contains two sets of criteria for an ALJ to evaluate whether fibromyalgia can be found to be a medically determinable impairment. The first set of criteria requires that a plaintiff demonstrate: (1) "[a] history of widespread pain—that is, pain in all quadrants of the body;" . . . that has persisted (or that persisted) for at least 3 months. The pain may fluctuate in intensity and may not always be present;"(2) [a]t least 11 positive tender points on physical examination;" and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded." SSR 12-2p, 2012 WL 3104869, *2-3. The ALJ found that Plaintiff did not meet this criteria due to lack of a medical provider finding a sufficient number of tender points. (Tr. 16). As Plaintiff points

out, on October 14, 2019, rheumatologist Padma Chimata, M.D. found tender points in multiple areas at the bilateral upper and lower extremities and axial spine with greater than 11/18 tender points present. (Tr. 651). In addition, the ALJ cited a December 16, 2021 medical record from rheumatologist Alicia Fierro, DO, which included Plaintiff's subjective complaints of pain throughout her body, widespread pain to light touch, but no joint swelling. (Tr. 22-23). The ALJ noted that Plaintiff had joint tenderness in 17 of 28 joints. (Tr. 22-23). But the ALJ did not mention Dr. Fierro's finding that "[t]here are typical fibromyalgia trigger points throughout" her body. (Tr. 1382).

While the record evidence of a policy-compliant diagnosis is not overwhelming, at least two rheumatologists found Plaintiff had trigger points throughout her body. Even so, the ALJ also failed to consider the second set of criteria in SSR 12-2p to determine whether fibromyalgia is a medically determinable impairment. Under this second set of criteria, a plaintiff must show: (1) "A history of widespread pain;" (2) "[r]epeated manifestations of six or more FM symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome;" and (3) "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." SSR 12-2p, 2012 WL 3104869, at *3. At step two, the ALJ did not

mention or analyze Plaintiff's fibromyalgia condition under this second set of criteria.

Even if the ALJ erred at step two in finding fibromyalgia was not a medically determinable impairment, this error may be harmless because she found other impairments – diabetes mellitus (DM); irritable bowel disease (IBD); hypothyroidism; gastroesophageal reflux disease (GERD); systemic lupus erythematosus (SLE); neuropathy; obesity; status post (s/p) fusion of C3, C4, C5 of cervical spine and laminectomy of lumbar spine; degenerative disc disease of cervical and lumbar spine; depression; posttraumatic stress disorder (PTSD); and anxiety – severe. (Tr. 15-16); *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018). As long as the ALJ considered the entirety of Plaintiff's limitations at step four, then any step two error may be harmless. *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-842 (11th Cir. 2014).

In the decision, the ALJ noted that Plaintiff testified of widespread pain based on fibromyalgia, her diagnoses of fibromyalgia from various medical providers and any treatment provided through medication, exercise, and stretching. (Tr. 19, 21, 22, 23, 24). The problem here is that the ALJ did not acknowledge that at least one if not two rheumatologists found Plaintiff had sufficient trigger points to meet the criteria of SSR 12-2p. And even if this evidence were somehow insufficient, the ALJ ignored the second criteria of SSR 12-2p for determining whether fibromyalgia was

a medically determinable impairment. Further, by not finding fibromyalgia a medically determinable impairment, the Court cannot determine whether the ALJ considered fibromyalgia when assessing the RFC and so the error is not harmless. *See Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."). As a result, the Court cannot determine whether the ALJ's decision is supported by substantial evidence and remand is warranted.

### B.    Remaining Issues

Plaintiff also argues that the ALJ erred in her consideration of certain medical opinions of record. Rather than deciding these issues, because this action is remanded on other grounds, on remand, the Commissioner is directed to reconsider these issues.

### III.    Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's fibromyalgia impairment, and the medical opinions of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 21, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties